UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANDRE LEE COLEMAN,

        Plaintiff,

v.                                                           Case No. 2:05-cv-30
                                                               HON. R. ALLAN EDGAR

ANDREW DAHLSTROM, Correctional
Officer; DENISE TRIEWEILER,
Grievance Coordinator; LINDA MAKI,
Hearing Officer,

        Defendants.
_____/

**MEMORANDUM AND ORDER
APPROVING MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION AS MODIFIED</u>**

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge. [Court Doc. No. 40]. The Report and Recommendation was duly served on the parties. The Court has received objections from defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has reviewed the record *de novo* and considered those portions of the Report and Recommendation to which objection has been made.

Defendants Dahlstrom and Trierweiler object to the recommendation denying their motion for summary judgment on the plaintiff's procedural due process claim. The report and recommendation concludes that there existed a genuine issue of material fact regarding whether the refusal to allow plaintiff to present the videotape of the incident denied plaintiff a fair hearing. Defendant Dahlstrom argues that he played no role in determining what evidence was relevant during the hearing and, therefore, Dahlstrom could not have violated the plaintiff's procedural due process

rights. Furthermore, defendant Trierweiler argues that the hearings officer ultimately determined that the videotape was not needed. Defendant Trierweiler argues that he could not have violated the plaintiff's procedural due process rights. The hearings officer concluded:

> The film is irrelevant. It has no audio and so it would not disclose what was said or not said by the prisoner or anyone else. It also doesn't view inside of the prisoner's cell and so it wouldn't show where the prisoner was located in his cell. It is also not necessary. Prisoner's own witnesses specifically admitted that the officer was on the wing at the time of the incident – despite the prisoner's claims to the contrary by picking out isolated phrases. His own witnesses admitted that the comment was made and common sense would indicate that since the officer heard it, the officer was there.

The hearings officer determined that the videotape was not necessary evidence. The Court concludes that the defendants' objections [Court Doc. Nos. 41, 43] are well taken. Defendants Dahlstrom and Trierweiller are not liable for the alleged procedural due process violation because they are not responsible for the decisions of the hearings officer. The plaintiff's procedural due process claim will be dismissed.

Plaintiff has filed a motion to extend the time to file objections to the Report and Recommendation because he asserts that he only has limited time to access a typewriter and needs to read every case cited in the recommendation. Plaintiff is not entitled to an extension of time to file objections. Objections to a report and recommendation on a motion for summary judgment must be based on the evidence available to the Magistrate Judge at the time he considered the motion. It is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation. Therefore, plaintiff could not have presented entirely new evidence or arguments and ten days is sufficient time to file objections. Plaintiff's motion for extension of time [Court Doc. No. 45] will be denied.

Accordingly, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's report and recommendation pursuant to 28 U.S.C. § 636(b) as modified by this memorandum opinion. The defendants' motions for summary judgment [Court Doc. Nos. 17, 32] will be **GRANTED** under Fed. R. Civ. P. 56. The plaintiff's entire complaint will be **DISMISSED WITH PREJUDICE** as to all defendants. The plaintiff's motion for an extension of time to file objections [Court Doc. No. 45] is **DENIED**.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court grants defendants' motions for summary judgment, the Court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, plaintiff will be required to pay the $255 appellate filing fee in one lump sum.

A separate judgment will enter.

SO ORDERED.

Dated: *March 9, 2006*      /s/ R. Allan Edgar
                            R. ALLAN EDGAR
                            UNITED STATES DISTRICT JUDGE